FILED
2005 Feb-15  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES C. SULLIVAN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: **CV-03-PT-2903-S** |
| ) | |
| **LOWE'S HOME CENTERS, INC.,** ) | |
| **d/b/a LOWE'S HOME** ) | |
| **IMPROVEMENT WAREHOUSE, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard on the defendants Ames True Temper Hardware's ("Ames") and Lowe's Home Centers, Inc., d/b/a Lowe's Home Improvement Warehouse ("Lowe's") Objection to Magistrate's Report and Recommendation filed on January 14, 2004.

There is no dispute that the indemnity term which the objectors rely upon followed the following provision on the first page of the Ames Purchase Order:

> The following terms and conditions apply to and are made part of all Purchase Orders submitted by Ames True Temper, Inc.  The Seller, by signing this Agreement, assents to be bound by the language contained herein.  Ames True Temper, Inc. reserves the right to cancel orders or refuse to place orders with Sellers who fail to sign and return this Agreement.  Acceptance of the offer made by a Purchase Order must be made on the exact terms contained herein, and if additional or different terms are proposed by Seller, Seller's response shall constitute an acceptance of the offer stated in the Purchase Order and in these terms, and a proposal as to the additional or different terms.  Nothing contained in a Purchase Order is intended by Buyer as assent by Buyer to any such additional terms, and unless Buyer's assent, thereto, is expressed in a separate writing specifically mentioning such additional terms, Buyer hereby expressly objects to the inclusion of any such different or additional terms proposed by Seller in Seller's acceptance of the offer contained in a Purchase Order.

It is further undisputed that HWA Fong Rubber (USA), Inc. d/b/a Duro Tire Corporation and Duro Tire & Wheel ("Duro Tire") never signed "this Agreement [Purchase Order]."[1]

Duro Tire's position that it cannot be bound by any indemnity agreement is based on two arguments.  First, it argues:

> The indemnity provision upon which Ames relies does **not** afford Ames indemnity if its sole negligence caused Sullivan's injury.  Rather, the provision requires Ames to show that negligence on the part of Duro Tire caused or contributed to Sullivan's injury.  Consequently, because Ames cannot prove as a matter of law that Duro Tire's negligence cause or contributed to Sullivan's injury, Ames is not entitled to summary judgment even if the indemnity provision is otherwise valid and enforceable, which it is not.

Second, it argues:

> Magistrate Judge Davis properly held that because Ames had expressly made Duro Tire's **signed acceptance** a prerequisite to binding Duro Tire to the numerous "fine print" provisions on the **back** of the purchase order, Ames could not then disregard the fact that Duro Tire never provided the necessary signed acceptance to Ames.  As Magistrate Judge Davis properly recognized, Ames' failure to insist on a signed acceptance of the purchase order by Duro Tire and its subsequent failure to exercise its right to cancel orders with Duro Tire in the absence of such an acceptance amounted to a waiver of the indemnity provision.  Furthermore, Duro Tire's failure to provide to Ames the required signed acceptance of the terms contained on the back of the purchase order creates an issue of fact with respect to whether Duro Tire "knowingly, evenhandedly, and for valid consideration . . ." agreed to indemnify Ames from the consequences of its own negligence.  Nationwide Mut. Ins. Co. v. Hall, 643 So.2d 551, 555 (Ala., 1994) quoting, Industrial Tile, Inc. v. Stewart, 388 So.2d 171, 175-176 (Ala.1980).

Ames' response to Duro Tire's second position is primarily, if not wholly premised on an argument that a "course of dealing" between the parties leads to the necessary conclusion that

---

[1] It is not presently clear to this court where the "Seller's" signature would have been put or which "Agreement" was referenced.  There is a reference to "the Attached Order Acknowledgment."  This court sees no such form; nor an "Acceptance Copy of this Purchase Order."

Duro Tire acquiesced in the pertinent indemnity term even though it did not sign "this Agreement" as provided in Ames' Purchase Order.

Interestingly, while the objectors rely on "course of dealing," they primarily, if not wholly, rely upon § 7-2-201(3)(c) of the Code of Alabama which deals with the Statute of Frauds. In their filed objection, the objectors make no reference to Alabama Code § 7-1-205 which was in effect at the pertinent time.[2]

The relevant version of § 7-1-205(1) states:

> A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

Ala. Code § 7-1-205(1) (2004) (current version at Ala. Code. § 7-1-303(b)).

This suggests that "course of dealing" relates to establishing a basis of understanding for <u>interpreting</u> <u>expressions,</u> not creating expressions.

Furthermore, § 7-1-205(4) states:

> The express terms of an agreement and an applicable course of dealing or usage of trade shall be construed wherever reasonable as consistent with each other; but when such construction is unreasonable, express terms control both course of dealing and usage of trade and course of dealing controls usage of trade.[3]

Ala. Code § 7-1-205(4) (2004) (current version at Ala. Code. § 7-1-303(e)). The court does not address the issue of whether the alleged "course of dealing" allegedly at issue here relates to "a sequence of previous conduct." See Ala. Code § 7-1-205(1) (2004) (current version at Ala.

---

[2] Now apparently § 7-1-303. Section 7-2-201 appears to deal more with whether oral terms are enforceable rather than with whether written terms have been agreed to through acquiescence.

[3] Also see § 7-2-208(2).

3

Code. § 7-1-303(b)).  There was apparently no "previous conduct" prior to the first Purchase Order.  Would there be a change of interpretation after the second one?  The Third one?  When?

No term could be more express or clearer than: "The Seller, by signing this Agreement, assents to be bound by the language contained herein."[4]  At best, from the objectors' perspective, there is perhaps an ambiguity resulting from the preceding sentence which says, "The following terms and conditions apply to and are made part of all Purchase Orders submitted by Ames True Temper, Inc."  If the next above quoted sentence requiring signing had not been included, there might be a better argument that Duro Tire had acquiesced in the condition.  The fact that there is a contract between the parties does not necessarily establish that the parties have agreed on all terms of the contract.  *See* Ala. Code § 7-2-204 (2004).  There may be an ambiguity as to whether acquiescence required the Seller's signature.  If so, there is a question of fact.[5]

The court does not reach the issue of whether sole fault on the part of Duro Tire must be established before it can be held to be an indemnitor.

This 15th of February, 2005.

                                              **ROBERT B. PROPST**
                                              **SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] "Signed" is defined as including "any symbol executed or adopted by a party with present intention to authenticate a writing."  Ala. Code § 7-1-201(39) (2004) (current version at Ala. Code § 7-1-201(b)(37)).

[5] The issue may be whether Duro Tire acquiesced in the term even though it did not sign, or whether Ames acquiesced in Duro Tire's not signing.  With regard to whether Ames arguably waived the condition, see Ala. Code § 7-2-208(3) (2004) (repealed 2005).