FILED
 2007 Mar-30  PM 03:53
U.S. DISTRICT COURT
   N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES C. SULLIVAN,** | } |
| | } |
| **Plaintiff,** | } |
| **v.** | } |
| | } CV 03-B-2903-S |
| **LOWES HOME CENTERS, INC., d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE; AMES TRUE TEMPER, INC.; HWA FONG RUBBER (USA), INC., d/b/a Duro Tire Corporation and Duro Tire & Wheel,** | } } } } } } } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motions in Limine seeking to prohibit plaintiff's expert, Arnold Eugene Carden, from testifying at trial. (Docs. 62 and 63.) Upon consideration of the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff is not required to offered expert testimony in support of his claim of breach of an implied warranty of merchantability and that defendants' Motions in Limine, (docs. 62 and 63), are due to be granted.

**A. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

Alabama recognizes a claim based on breach of an implied warranty of merchantability.

> The implied warranty of merchantability is found in Ala. Code 1975, § 7-2-314. "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." § 7-2-314(1). "Goods to be merchantable must be at least such as . . .

> [a]re fit for the ordinary purposes for which such goods are used."
> §7-3-314(2)(c).  "[T]he term [merchantability] means that a good sold carries
> with it an inherent soundness which makes that good suitable for the purpose
> for which it was designed." *Agri-Business Supply Co. v. Hodge*, 447 So. 2d
> 769, 773 (Ala. Civ. App. 1984).

*DaimlerChrysler Corp. v. Morrow*, 895 So.2d 861, 864 (Ala. 2004). "In order . . . to sustain a claim for breach of an implied warranty, [plaintiff] must show [(1)] the existence of the implied warranty, [(2)] a breach of that warranty, and [(3)] damages proximately resulting from that breach." *Bagley v. Mazda Motor Corp.*, 864 So. 2d 301, 315 (Ala. 2003)(quoting *Barrington Corp. v. Patrick Lumber Co.*, 447 So. 2d 785, 787 (Ala. Civ. App. 1984)(quoting *Storey v. Day Heating & Air Conditioning Co.*, 319 So. 2d 279, 280 (Ala. App. 1975))). Evidence that plaintiff was injured because of "some action or event ***following*** [the] delivery of the goods" is an affirmative defense to a claim of breach of an implied warranty of merchantability. *See* Ala. Code § 7-2-31, Comments ¶ 13 (emphasis added).

In this case, plaintiff has testified that he purchased an unassembled wheelbarrow from defendant Lowe's. Part of the unassembled wheelbarrow was a tire, which was not inflated. The uninflated tire was not functional. Therefore, plaintiff went to a gas station to put air in the tire. While inflating the tire, it came apart from the rim and struck plaintiff.

Defendant Lowe's does not dispute that, as the seller of the wheelbarrow, it implicitly warranted that the wheelbarrow, including the tire, was "fit for the ordinary purposes for which such goods are used." Ala. Code §7-3-314(2)(c). Therefore, the issues for trial are whether such warranty was breached and whether such breach caused plaintiff's injury.

Defendants contend evidence that the tire "exploded" while plaintiff was inflating it is insufficient to show a breach of the implied warranty and that plaintiff is required to submit expert testimony as to the reason the tire "exploded." The court disagrees.

Without question, a reasonable jury could find that inflation of a tire is necessary to its use and, therefore, because the tire was not inflated when sold, such tire was not merchantable – fit for the ordinary purpose for which such tire is used – because it could not be inflated safely. According to plaintiff's testimony, which the jury is free to believe, he had not used the tire prior to trying to inflate it and he used reasonable and ordinary care in inflating the tire.

Given the short time between plaintiff's purchase of the wheelbarrow and his injury, and given plaintiff's testimony that he did nothing improper in inflating the tire, the court finds a jury could infer that the wheelbarrow tire was not sold in a merchantable condition, without the need for expert testimony as to the reason the tire separated from its rim during inflation. *See Bagley*, 864 So. 2d at 315 ("The record indicates that on the day [plaintiff] purchased the 1980 Mazda, a wheel came off while the car was being driven. This fact raises the issue whether the car was fit for its ordinary purpose and therefore merchantable."); *Ex parte General Motors Corp.*, 769 So.2d 903, 905, 912-13 (Ala. 1999)(plaintiff presented uncontradicted evidence that shortly after he bought the car it began to stall and that it stalled three times a week). *Cf. DaimlerChrysler Corp.*, 895 So. 2d at 864-65 ("In our opinion, Morrow's extensive use of the truck since its delivery precludes Morrow's claim that the

truck was not fit for the ordinary purposes for which such trucks are used." (citing *Terrell v. R & A Mfg. Partners, Ltd.*, 835 So. 2d 216, 229 (Ala. Civ. App. 2002)).

Therefore, the court finds that plaintiff can establish a prima facie case for breach of the implied warranty of merchantability without expert testimony.[1]

The court notes, however, that a claim of breach of the implied warranty of merchantability is actionable by plaintiff against defendant Lowe's only. *See Rose v. General Motors Corp.,* 323 F. Supp. 2d 1244, 1247-48 (N.D. Ala. 2004)(citing *Ex Parte General Motors Corp.*, 769 So. 2d 903, 910 (Ala. 1999)). Although defendants Ames True Temper and HWA Fong Rubber (USA) contend that the breach of implied warranty of merchantability claim cannot be maintained against them, neither defendant has moved for dismissal of this claim. Therefore, the court, *ex mero moto*, will require plaintiff to show cause why his breach of warranty claim should not be dismissed against defendant Ames True Temper and HWA Fong Rubber (USA).

## B. MOTIONS IN LIMINE AND AEMLD CLAIM

Defendants have moved to strike plaintiff's expert witness, Arnold Eugene Carden, on the ground that Carden's testimony was inadmissible pursuant to Fed. R. Evid. 702. In response to defendants' Motions, plaintiff responded that he was not required to support his breach of warranty claim with expert testimony. Such response not only apparently concedes

---

[1] The court notes that defendants may rebut plaintiff's prima facie showing by offering evidence that shows the tire separated from the rim because plaintiff improperly inflated it.

that defendants' Motions in Limine are due to be granted and that Carden's testimony is due to be excluded, but also indicates plaintiff's abandonment of his AEMLD claim.  Moreover, without expert testimony plaintiff will be unable to prove an AEMLD claim against any defendant.  *McPhail v. Mitsubishi Motor Mfg. of America, Inc.*, 80 F. Supp. 2d 1309, 1313-14 (S.D. Ala. 1997),[2] *aff'd,* 141 F.3d 1190 (11th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999); *see also Townsend v. General Motors Corp.*, 642 So.2d 411, 415 (Ala. 1994).

Therefore, without opposition, the court will grant defendants' Motions in Limine.  Also, the court will order plaintiff to notify the court whether he intends to abandon his AEMLD claim.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendants' Motions in Limine are due to be granted.  An Order granting defendants' Motions in Limine will be entered contemporaneously with this Memorandum Opinion.  By separate Order, the court will order plaintiff to show cause why his AEMLD claims should not be dismissed against

---

[2]The *McPhail* court held:

> And, where the product at issue – like the automobile in this case – and its alleged defects are of a "complex and technical nature," expert testimony is required to prove the existence of a defect; without expert testimony, a lay jury could not reasonably infer that a defective condition was the cause of the vehicle's failure and the cause of the resultant injury.

*McPhail*, 80 F. Supp. 2d at 1313-14 (quoting *Brooks v. Colonial Chevrolet-Buick, Inc.*, 579 So.2d 1328, 1332-33 (Ala. 1991)).

all defendants and why his claims of breach of implied warranty of merchantability should not be dismissed against defendants Ames True Temper and HWA Fong Rubber (USA).

**DONE**, this the 30th day of March, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE