IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| JAMES C. SULLIVAN, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | |
| | } | CV 03-B-2903-S |
| LOWES HOME CENTERS, INC., d/b/a | } | |
| LOWE'S HOME IMPROVEMENT | } | |
| WAREHOUSE; AMES TRUE | } | |
| TEMPER, INC.; HWA FONG | } | |
| RUBBER (USA), INC., d/b/a Duro Tire | } | |
| Corporation and Duro Tire & Wheel, | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This court issued a Show Cause Order, which "order[ed] plaintiff to appear and show cause . . . why his AEMLD [Alabama Extended Manufacturer's Liability Doctrine] claims should not be dismissed against all defendants and why his claims of breach of implied warranty of merchantability should not be dismissed against defendants Ames True Temper and HWA Fong Rubber (USA)." (Doc. 79.) For the reasons set forth below the court finds that plaintiff's AEMLD and negligence claim against all defendants are due to be dismissed.

According to plaintiff's response to the court's Show Cause Order, plaintiff "concedes all claims [i.e., AEMLD and negligence] against Ames and Fong except his breach of implied warranty of merchantability claim," and "concede[s] all claims against Lowe's except for [his] claim for breach of the implied warranty of merchantability." (Doc. 82 at 1-

2.) Based on plaintiff's representation to the court, plaintiff's AEMLD and negligence claims against all defendants will be dismissed.

Plaintiff contends that he may maintain an action against Ames and HWA Fong because Alabama has eliminated the requirement for privity in personal injury actions based on implied warranties. (Doc. 75-2 at 1-2 [citing Ala. Code § 7-2-318]) In *Bishop v. Faroy Sales*, the Alabama Supreme Court held:

> Tit. 7A, s 2-103(1)(d) defines 'seller' as 'a person who sells or contracts to sell goods.' A 'buyer' is 'a person who buys or contracts to buy goods.' Tit. 7A, s 2-103(1)(a). Sellers and buyers are not limited by definition to retailers and consumers. By its terms, a seller is anyone who sells, including a manufacturer or distributor. Thus, a manufacturer's or distributor's warranty extends to 'any natural person if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by the breach of the warranty.' A manufacturer or distributor intends the products he sells to eventually arrive in the hands of consumers. Thus, by the terms of the statute, a manufacturer's or distributor's warranty would extend to the final buyer-consumer of the product (as well as to other possible parties horizontally) if he is injured in person by the breach of the warranty.

*Bishop v. Faroy Sales*, 336 So. 2d 1340, 1343 (Ala. 1976). The court stated, "We conclude that § 2-318 of Tit. 7A, Code of Alabama 1940, [now Ala. Code § 7-2-318] eliminates the vertical privity requirement in a suit for breach of warranty if it is reasonable to expect that such person may use, consume or be affected by the goods and is injured in person by breach of the warranty." *Id.* at 1345.

In response to the court's Show Cause Order, defendants contend that plaintiff's breach of implied warranty claims are due to be dismissed because "Alabama law does not allow a remote consumer to recover from the manufacturer of an item on a theory of breach

of implied warranty of merchantability, even in the case of personal injury, because the manufacturer is not a 'seller' of the article." (Doc. 86 at 1 [citing *Rose v. General Motors Corp.*, 323 F. Supp. 2d 1244 (N.D. Ala. 2004)]; *see also* doc. 87 at 1.)  In *Rose v. General Motors*, the court, relying on dicta in *Ex Parte General Motors*, 769 so. 2d 903 (Ala. 1999),[1] held that "the Alabama Supreme Court would directly overrule *Bishop*," and would "preclude[ ] actions by remote consumers against . . . manufacturers for breach of the implied warranty of merchantability, even in cases of personal injury." *Rose*, 323 F. Supp. 2d at 1247-48.

Prior to and after *Ex Parte General Motors*, courts in Alabama have recognized a cause of action against remote sellers – manufacturers and distributors – for breach of implied warranties that result in personal injury. *See Rampey v. Novartis Consumer Health, Inc.*, 867 So. 2d 1079, 1089 (Ala. 2003)("[Section]  7-2-318 [of the Alabama Code] abolished privity requirements only in actions involving personal injury to natural persons." (citing *Johnson v. Anderson Ford, Inc.*, 686 So. 2d 224, 228 (Ala. 1996); *Kidd v. Kilpatrick Chevrolet, Inc.*, 613 So. 2d 336, 338 (Ala. 1993); *Wellcraft Marine v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990); *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So. 2d 1223, 1227 (Ala. 1987); *Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976)); *see also Harris Moran Seed Co., Inc. v. Phillips*, 949 So. 2d 916, 922 (Ala. Civ. App. 2006)("In

---

[1]The plaintiff in *Ex Parte General Motors* did not allege a breach of warranty claim against the manufacturer.  *Ex Parte General Motors*, 769 So. 2d at 910.

Alabama, a vertical nonprivity purchaser who has suffered only direct or consequential economic loss cannot recover from a remote manufacturer under an implied warranty theory."). In Alabama, "it is statutory law that the defense of lack of privity is not available in cases involving personal injury." *Land v. Huffman Mfg. Co.*, 420 F. Supp. 459, 460 (M.D. Ala. 1976)(citing the precedessor to Ala. Code § 7-2-318).

This court declines to predict that Alabama courts would change the well-established interpretation of § 7-2-318 based solely on the dicta of *Ex Parte General Motors*. Therefore, the court finds that Ames amd Fong may not assert the defense of privity to plaintiff's claim for breach of the implied warranty of merchantability.

In their Joint Submission of Remaining Issues in Accord with Order of June 25, 2008, the parties assert that this court has not fully ruled on "Defendant's Motion for Summary Judgment." (Doc. 93.) The court notes that no motions for summary judgment remain outstanding. In other filings, defendants have asserted that plaintiff cannot maintain his breach of warranty claim without expert testimony. However, this court has ruled that such testimony is not required in order for plaintiff to establish a prima facie case for breach of the implied warranty of merchantability.[2] (Doc. 77 at 4.)

---

[2]As support for its argument that plaintiff must present expert testimony to establish his implied warranty claim, defendants Ames and Lowe's refer the court to the official comment to § 7-2-314 of the Alabama Code, which states in part:

> In an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss

4

In his response to the court's Show Cause Order, plaintiff indicates his intention to use Arnold Eugene Carden as a rebuttal expert. (Doc. 82 at 7-8.) The court's Order of March 30, 2007, which excludes Carden from testifying, is not limited to Carden's testimony during plaintiff's case in chief. (*See* doc. 78.) Therefore, plaintiff will not be allowed to call Carden as an expert witness, during rebuttal or otherwise.

## **CONCLUSION**

Based on the foregoing the court finds that plaintiff may proceed to trial against defendants on his claim for breach of the implied warranty of merchantability and that plaintiff may not offer the testimony of Carden. The court will enter an Order dismissing plaintiff's AEMLD and negligence claims against defendants Ames and HWA Fong.

---

sustained. In such an action ***an affirmative showing by the seller*** that the loss resulted from some action or event following his own delivery of the goods can operate as a defense. Equally, evidence indicating that the seller exercised care in the manufacture, processing or selection of the goods is relevant to the issue of whether the warranty was in fact broken. Action by the buyer following an examination of the goods which ought to have indicated the defect complained of can be shown as matter bearing on whether the breach itself was the cause of the injury.

Ala.Code § 7-2-314, Official Comment ¶ 13 (emphasis added), *cited in* doc. 87 at 2. As the comment clearly indicates, defendants as the sellers of the tire – and not the plaintiff as the buyer – has the burden of proving that the injury to plaintiff was the result of something that happened after it delivered the tire. Plaintiff must establish only that the tire was not merchantable or "fit for the ordinary purposes for which [a tire is] used," Ala. Code § 7-2-314(2)(c); and that this condition caused his injury, *see Ex Parte General Motors Corp*, 769 So. 2d at 912. Plaintiff does not have to produce evidence negating the possible defenses defendants may have to establish his prima facie case of breach of the implied warranty of merchantability.

**DONE**, this the 22nd day of April, 2009.

                                                                */s/ Sharon Lovelace Blackburn*
                                                               SHARON LOVELACE BLACKBURN
                                                               CHIEF UNITED STATES DISTRICT JUDGE