UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMES TRUE TEMPER, INC.,** ) | |
| ) | |
|     **Cross Claimant,** ) | |
| ) | |
| v. ) | Case Number: 2:03-CV-2903-SLB |
| ) | |
| **HWA FONG RUBBER (USA), INC.,** ) | |
| d/b/a Duro Tire Corporation and Duro ) | |
| Tire & Wheel, ) | |
| ) | |
|     **Cross Defendant.** ) | |

### MEMORANDUM OPINION

This case is presently pending before the court on Ames True Temper's Response to this court's Show Cause Order, asking Ames to show cause why its cross-claim against Duro Tire should not be dismissed. For the reasons set forth below, the court finds that Ames's counterclaim is due to be dismissed as a matter of law.

Ames has filed a Motion to Supplement the Record, (doc. 110),[1] and a Motion in Support of Indemnification, (doc. 112),[2] seeking to have this court decide, inter alia, whether certain terms on the back of its blanket purchase order are enforceable against Duro "despite the fact that the purchase order requires a signature and [Duro] never signed the purchase order at issue in this case." (Doc. 110 at 9.) Duro manufactured and sold tires to Ames that

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Ames's Motions, (docs. 110 and 112), were filed on behalf of the cross claimants – Ames and Lowes. However, Lowes does not have a cross-claim against Duro, and its cross-claim against Ames was dismissed.

used the tires in wheelbarrows it sold to Lowes. This relationship began with a Letter of Intent. After signing the Letter of Intent, Ames began sending purchase orders to Duro, which stated that acceptance of the order could be made by Duro only by returning the signed purchase order to Ames and that Ames reserved the right to cancel the order or refuse to place an order if Duro failed to sign and return the purchase order. The back of the purchase orders set forth over twenty Terms and Conditions of Purchase, which included an indemnity provision and an insurance provision.[3] These additional terms were not included in the Letter of Intent. Duro did not sign the purchase orders; however, Ames did not cancel its orders or refuse to place orders with Duro.

The court issued a Show Cause Order, asking Ames to appear and show cause why its counterclaim should not be dismissed pursuant to Ala. Code § 7-2-207, which provides:

> (1)  A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2)  The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> >  (a)  The offer expressly limits acceptance to the terms of the offer;
> >  (b)  They materially alter it; or
> >  (c)  Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

---

[3]The court notes that these provisions are almost impossible to read without a magnifying glass.

> (3)  Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract.  In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this title.

Ala. Code § 7-2-207.  The Official Comment to § 7-2-207(3) states:

> In many cases, as where goods are shipped, accepted and paid for before any dispute arises, there is no question whether a contract has been made.  In such cases, where the writings of the parties do not establish a contract, it is not necessary to determine which act or document constituted the offer and which the acceptance.  See Section 7-2-204.  The only question is what terms are included in the contract, and subsection (3) furnishes the governing rule.

Ala.Code 1975 § 7-2-207, Official Comment, Comment 7.

Applying Ala. Code § 7-2-207 to the parties' transactions, the court noted that the terms on the back of the blanket purchase order did not appear to be part of the parties' agreement.  Ames responded to the court's Order, stating:

> 1. The law of the case as set forth in United States Magistrate Judge Harwell G. Davis, III's December 22, 2004 Report and Recommendation, Senior United States District Judge Robert B. Propst's February 15, 2005 Memorandum Opinion, and Senior United States District Judge Robert B. Propst's February 15, 2005 Order states that an issue of material fact exists which requires that Ames's cross-claim against Duro be heard by a jury. Because no exceptions to the law of the case doctrine apply to this case, Ames's cross-claim is due to be tried.

and

> 2. Duro agreed to the terms on the back of the purchase order as shown by the party's course of dealing.

(*See generally* doc. 116.)

**A.  LAW OF THE CASE DOCTRINE**

Ames contends that this court must proceed with a jury trial based on previous opinions and orders of this court denying Duro's Motion for Summary Judgment. The court disagrees.

"The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. U. S. Smelting Refining & Min. Co.*, 339 U.S. 186, 198 (1950). "[I]t requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata." *Id*. at 199.  Therefore, the law is well settled that an order denying a motion for summary judgment is an interlocutory order and the district court may reconsider the order at any time before entering a final judgment. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009)("Under the law of the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case.  Notably, however, a court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court.  Consequently, law of the case applies only where there has been a final judgment." (quoting *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997); *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991)))(internal quotations omitted); *see also Lanier Construction v. Carbone Properties of Mobile*, 253 Fed. Appx. 861, 863 (11th Cir. 2007)(citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *Gregg v. U.S. Indus.*, 715 F.2d 1522, 1530 (11th Cir. 1983); *Bon Air Hotel, Inc. v. Time*, 426 F.2d 858, 862 (5th Cir. 1970)).

The law of the case doctrine does not require this court to proceed with a jury trial if, as the court contends, Duro is entitled to judgment as a matter of law.

## B.  ALABAMA CODE § 7-2-207

None of the court's prior opinions discussed the applicability of Ala. Code § 7-2-207. The issue between Duro and Ames is whether they had an agreement that encompassed the terms on the back of the purchase order. Considering the undisputed facts, this issue is one of law and is resolved by § 7-2-207.

Ames argues, "Ames and Duro engaged in a course of dealing for years pursuant to Purchase Orders identical to the one at issue in this case. Duro essentially ratified or acquiesced to the terms of the purchase orders by continuing to deal with Ames pursuant to those purchase orders." (Doc. 116 at 7.) However, "Under section [7-2-207], a party, except a merchant in the case of an immaterial term, may ignore additional terms, and proceed with performance of the agreement actually negotiated by the parties without fear that such performance will be interpreted by court or jury as acceptance of the other party's additional terms." *Power Press Sales Co. v. MSI Battle Creek Stamping*, 604 N.W.2d 772, 777 (Mich. App. 1999), *quoted in Cook's Pest Control, Inc. v. Rebar*, 852 So. 2d 730, 750 (Ala. 2002)(See, J., dissenting).

As set forth in the Report and Recommendation, (doc. 50), the parties' agreement for the sale/purchase of the tire was set forth in the Letter of Intent, (doc. 42, Ex. A). After signing the Letter of Intent, Ames began sending purchase orders to Duro, which stated that acceptance of the order could be made by Duro ***only*** by returning the signed purchase order

5

to Ames and that Ames reserved the right to cancel the order or refuse to place an order if Duro failed to sign and return the purchase order. (*Id.*, Ex. B.) The back of the purchase orders set forth over twenty Terms and Conditions of Purchase, which included an indemnity provision and an liability-insurance provision. (*Id.*) These supplemental terms are not included in the Letter of Intent. Duro did not sign the purchase orders; however, Ames did not cancel its orders or refuse to place orders with Duro.

Section 7-2-207 of the Alabama Code is based on a version of Section 2-207 of the U.C.C., which "clarifies that the parties' conduct may trump an otherwise conditional acceptance by providing a wholly separate and independent legal basis for finding the existence of a contract beyond the parties' writings." *Safety & Environmental Systems, Inc. v. S & W Chemicals, Inc.*, 2010 WL 1665299, *9 (W.D.N.C. April 23, 2010)(citing *Insteel Wire Products Co. v. Dywidag Syss. Int'l USA, Inc.*, 2009 WL 2253198 (M.D.N.C. July 28, 2009);*USEMCO, Inc. v. Marbro Co., Inc.*, 483 A.2d 88, 94 n.2 (Md. App. 1984)). "Section 2-207(3) does away with the last shot rule by giving neither party the terms it attempted to impose unilaterally on the other. Instead, all terms on which the parties' forms do not agree drop out, and the U.C.C. supplies the missing terms." *Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*, 145 F. Supp. 2d 1348, 1356 (S.D. Fla. 2001)(quoting *Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1444 (9th Cir. 1986))(internal quotations omitted).

In this case, Ames and Duro agreed to a contract under which Duro would manufacture and sell rubber tires to Ames. Ames's purchase order contained a number of

6

additional terms on the back that were not part of the parties' Letter of Intent, including the indemnity term and the insurance term. The purchase order specifically stated that Duro could accept Ames's offer to purchase, including the additional terms, ***only*** by signing and returning the blanket purchase order. (*Id*., Ex. 2.) Thus "acceptance [was] expressly made conditional on assent to the additional or different terms." *See* Ala. Code § 7-2-207(1).

The parties do not dispute that Duro never signed the blanket purchase order. Therefore, the additional terms did not become part of the contract. *See id*. (2)(a). Nevertheless, Duro manufactured tires according to Ames's specifications and sent the tires to Ames, who accepted the tires and paid for them. (Doc. 49 at 6; doc. 42, Ex. 4 ¶ 6.) This conduct is "sufficient to establish a contract for sale [of the tires] although the writings of the parties [did] not otherwise establish a contract." Ala. Code § 7-2-207(3). However, the additional terms on the back of the blanket purchase order, to which the writings of Duro and Ames did not agree, are not part of that contract for the sale of tires. *Id*. (When the conduct of the parties establishes a contract for sale, "the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this title."). The indemnity agreement and the provision requiring Duro to provide Ames liability insurance are not "supplementary terms incorporated under any other provisions of [Alabama's U.C.C.];" therefore, these terms are not incorporated into the parties' agreement by operation of law. *See id*.

Based on the foregoing, the court finds that Ames's cross claim against Duro, based on additional terms on the back of the purchase order, is due to be dismissed.

7

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and Duro is entitled to judgment as a matter of law as to Ames's cross-claim. An Order denying Ames's Motion to Clarify and Motion for More Definite Statement will be denied and dismissing Ames's cross-claim will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of January, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE